UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DIVERSIFIED TECHNOLOGY
CONSULTANTS, INC.,

    Plaintiff,

v.                                                              Case No. 8:20-cv-2827-TPB-CPT

CITY OF BRIDGEPORT,

    Defendants.
_____/

**ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS**

This matter is before the Court on "Defendant's Motion to Dismiss," filed December 28, 2020. (Doc. 10). Plaintiff filed its response in opposition on January 8, 2021. (Doc. 14). After reviewing the motion, response, court file, and record, the Court finds as follows:

**Background**

In 2013, non-party contractor Perkins-Eastman ("Perkins") signed an agreement with Plaintiff Diversified Technology Consultants ("DTC"), hiring DTC as an engineering consultant for future construction projects ("2013 Agreement"). DTC is a minority-owned Connecticut corporation with three offices, two of which are in Florida. In 2018, Perkins contracted with Defendant City of Bridgeport, Connecticut (the "City"), to design a new high school ("2018 Agreement"). In 2019, Perkins issued a Work Order to DTC to begin work on the high school. In 2020, the City informed Perkins that DTC should not work on the project given that most of

the staff on the project – including the "lead mechanical and electrical designers" – worked out of DTC's Sarasota, Florida, office. (Doc. 1-4). Perkins then canceled its contract with DTC for this work. On December 1, 2020, DTC filed suit bringing three claims against the City: violation of equal protection based on racial discrimination (Count I); illegal impairment of contract (Count II); and violation of equal protection based on residency (Count III).

## Legal Standard

Under 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The purpose of § 1404(a) is to "prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Continental Grain Co. v. The Barge FBL-585*, 364 U.S. 19, 26-27 (1960)). Forum selection clauses are presumptively valid. *Krenkel v. Kerzner Intern. Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009) (citations omitted). Valid forum selection clauses should be "given controlling weight in all but the most exceptional cases" and plaintiffs "bear the burden of showing why the court should not transfer the case to the forum to which the parties agreed." *Id.* at 63-64 (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988) (Kennedy, J., concurring)).

## Analysis

Defendant argues the case should be dismissed or transferred due to a valid forum selection clause. Specifically, Defendant points to the 2018 Agreement where Defendant and Perkins agreed that "[r]esolution of all disputes shall be commenced and resolved in Fairfield County, Connecticut." (Doc. 1-2 at ¶ 6.9). Defendant contends Plaintiff is bound to this forum selection clause and notes that the Work Order provides that Plaintiff "agrees to be fully bound" by the 2018 Agreement, which includes the forum selection clause. (Doc. 1-3 at 1, 3, 5).

The Court finds the forum selection in the 2018 Agreement clause binding and enforceable on Plaintiff, even though Plaintiff is a non-signatory to the contract. A non-signatory may be bound to a forum selection clause where the non-signatory is closely related to the dispute such that it becomes foreseeable that it will be bound. *Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1299 (11th Cir. 1998). Plaintiff could foresee being bound by the forum selection clause and hailed to court in Connecticut because – on top of signing the Work Order incorporating the forum selection clause – Defendant was actively working to build Plaintiff's school in Connecticut. *See Hasler Aviation, LLC v. Aircenter, Inc.*, No. 1:06-CV-180, 2007 WL 2463283, at *6 (E.D. Tenn. Aug. 27, 2007) (enforcing forum selection clause against non-signatory subcontractors because it was foreseeable that the forum selection clause could be applied to them). Furthermore, the forum selection clause on encompasses "all disputes," which includes Plaintiff's federal civil rights claims. *See Marina Bay Towers Urban Renewal II, L.P. v. City of North Wildwood*,

Civil A. No. 09–369(NLH)(KMW), 2009 WL 2147356 at *2-3 (D.N.J. July 14, 2009) (finding a forum selection clause encompassing "all disputes" included equal protection claim). The matter, therefore, is due to be transferred pursuant to 28 U.S.C. § 1404(a). The Court declines to rule on Defendant's remaining arguments for dismissal, which may be pursued if appropriate following transfer.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) "Defendant's Motion to Dismiss" (Doc. 10) is hereby **GRANTED IN PART** and **DENIED IN PART**.

(2) The motion is **GRANTED** to the extent that the matter is **TRANSFERRED** to the District Court for the District of Connecticut for all further proceedings.

(3) Following transfer, the Clerk is directed to terminate any pending motions and deadlines, and thereafter close the case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 30th day of April, 2021.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**